United States District Court
Eastern District of Wisconsin

Brian Maus
    Plaintiff

vs

Bill Greening et al
    Defendants

Case No. 09-C-0042

'09 JAN -9 P12:08
JON W. SANFILIPPO
CLERK
U.S. DISTRICT COURT
EASTERN DISTRICT-WI
FILED

## Complaint

### Jurisdiction and Venue

This is a civil action authorized by 42 U.S.C. section 1983 to redress the deprivation under the color of state law, of rights secured by the constitution of the United States. The court has jurisdiction under 28 U.S.C. section 1331 and 1343 (A)(3)

The Eastern District of Wisconsin is an appropriate venue under 28 U.S.C. section 1391 (b)(2) because it is where the events giving rise to this claim occurred.

### Plaintiff

Plaintiff Brian Maus is and was at all times mentioned herein a prisoner of the state of Wisconsin, in the custody of the state of Wisconsin Department of

corrections. The plaintiff is currently confined at the Green Bay Corr. Inst at P.O. Box 19033 Green Bay WI 54307.

Defendant's

1. Bill Greening individually and in his personal capacity as a sheriff for Langlade County at 840 Clermont St. Antigo WI 54307

2. Brad Henricks individually and in his personal capacity as a Chief Deputy for Langlade County at 840 Clermont St. Antigo WI 54409.

3. Diane Baker individually and in her personal capacity as a Jail Administrator for Langlade County Jail at 840 Clermont St. Antigo WI 54409.

4. Denise Ellis individually and in her personal capacity as a Detention Facilities Specialist for the State of Wisconsin at 131 34th St. South Wisconsin Rapids WI 54494

5. Marty Ordinas, individually and in his personal capacity as the Boss for Office of Detention Facilities at 131 24th St. South Wisconsin Rapids WI 54494

6. Mark Weston individually and in his personal capacity as a Deputy Sheriff

for Langlade County at 840 Clermont St. Antigo WI 54409.

7. Russell Cook, individually and in his personal capacity as a Deputy Sheriff for Langlade County at 840 Clermont St. Antigo WI 54409.

8. Keith Svoboda individually and in his personal capacity as a Deputy Sheriff for Langlade County at 840 Clermont St. Antigo WI 54409.

9. Thomas Hunter individually and in his personal capacity as a Jailer for Langlade County Jail at 840 Clermont St. Antigo WI 54409.

10. Jim Benishek individually and in his personal capacity as a Jailer for Langlade County Jail at 840 Clermont St. Antigo WI 54409.

11. Joe Stegall, individually and in his personal capacity as a Jailer for Langlade County at 840 Clermont St. Antigo WI 54409.

12. Joe Husnick individually and in his personal capacity as a Jailer for Langlade County Jail at 840 Clermont St. Antigo WI 54409.

13. Hieda Walrath individually and in her personal capacity as a Jailer for Langlade County Jail at 840 Clermont St. Antigo WI 54409.

14. Laura Ward individually and in her personal capacity as a Jailer for Langlade County at 840 Clermont St. Antigo WI 54409

15. Tonya Imig individually and in her personal capacity as a Jailer for Langlade County Jail at 840 Clermont St. Antigo WI 54409.

16. Brenda Malita, individually and in her personal capacity as a Jailer for Langlade County Jail at 840 Clermont St. Antigo WI 54409

17. Jay Swartz individually and in his personal capacity as a Jailer for Langlade County Jail at 840 Clermont St. Antigo WI 54409.

18. Ted Sharlupka individually and in his personal capacity as a Jailer for Langlade County Jail at 840 Clermont St. Antigo WI 54409.

19. Don Schrepher individually and in his personal capacity as a Jailer for Langlade County Jail at 840 Clermont St. Antigo WI 54409.

20. Tammy Stogall individually and in her personal capacity as a Jailer for Langlade County Jail at 840 clermont St. Antigo WI 54409.

21. Amy Doucette individually and in her personal capacity as a Jailer for Langlade County Jail at 840 clermont St. Antigo WI 54409.

22. LaBarge individually and in her personal capacity as a Jailer for Langlade County at Jail at 840 clermont St. Antigo WI 54409.

23. Each defendant is sued under the color of law at all times. And each defendant is sued individually and in his or her personal capacity at all times.

24. The defendants have assaulted, video taped and illegally tazed the plaintiff to deprive the plaintiff out of his 4th, 5th, 8th and 14th Amendments to the United States Constitution privacy rights.

25. On January 9, 2007, the plaintiff was picked up at the Waupun corr. Inst by the Langlade county sheriffs Dept, and taken back to the Langlade county Jail because the plaintiff still had case No. 05-CF-10 pending against him

26. The Langlade County Jail has a cell block they call A-B and receiving cells that have video camera's in the cells that ~~also~~ video tape female and male inmates useing the bathroom, changing clothes sleeping etc, at the same time recording everything going on in these cells. Male and females jailers are always watching and veiwing these video camera's 24 hours a day. On a T.V. screen. Also any one coming in off of the streets male or females going into the control boath can also view and watch male and females inmates useing the bathroom, changing clothes etc.

Some of the inmates housed in F-Block also can review inmates useing the bathroom, and changing clothes ect off of the screens in the control boath.

27. Between January 11, 2007. Through August 20, 2007. The plaintiff was illegally video taped and watched on a video camera while changing clothes, useing the bathroom etc 24 hours a day by the defendants Bill Greening, Diane Baker, Thomas Hunter, Jim Benishek, Joe Stegall Joe Husnick, Jay Swartz, Ted Sharlupka

Don Schrepher, Heida Walrath, Laura Ward, Toyna Imig, Brenda Mialitz, Tammy Stegall and Amy Boucette and anyone else that came into the control booth and F-Block. The plaintiff never gave these defendants the right to video tape him any time.

28. Between January 11, 2007. through August 20, 2007. The plaintiff filed several grivance about being illegally video taped while useing the bathroom, changing clothes etc, with Baker, Henricks and Greening and each time Ms. Baker lied to the plaintiff. Baker stating the video camera's in the cells can't view inmates useing the bathroom in the receiving cells OR A-D block cells.

29. On September 21, 2007. At a Jury Trial on case No. 07-CF-114 At the time plaintiff was questioning the defendant Ms. Baker admitted that the receiving cells do show male and female inmates useing the bathroom and that male and female jailees and people coming off of the streets can see inmates useing the bathroom Review exhibit-A.

30. On September 21, 2007. The District Attorney showed the jury a D.V.D. of one of the receiving cells that clearly showed anyone within any receiving cell or A-D Block could be clearly seen using the bathroom changing clothes etc.

31. On December 6, 2007. The plaintiff filed a grievance with defendant Baker about illegally video taping the plaintiff Review exhibit-B.

32. On January 8, 2008. The plaintiff exhausted his grievance to the defendant Hennricks about illegally video taping the plaintiff Review exhibits B-C.

32. On January 15, 2008 The plaintiff exhausted his state remedies to the defendant Greening about illegally video taping the plaintiff Review exhibits-B-D

34. On March 10, 2008. The plaintiff exhausted his state remedies to the defendant Ellis about illegally video taping the plaintiff Review exhibit-B-E.

35. On January 12, 2007 The plaintiff covered his camera lens in his cell in 4-D block with toilet paper. The defendant

Benishek ordered the plaintiff to remove the toilet paper and when he refused Benishek and Hunter ran up into the plaintiffs cell and slammed him against the wall and bent and twisted the plaintiff's fingers and hands to where it hurt, and escorted the plaintiff to a receiving cell at the time of this cell extraction the defendants never video taped it.

36. On January 16, 2007. when the plaintiff was in this receiving cell the plaintiff again covered his camera in this cell with toilet paper. The plaintiff was ordered by Hunter to remove the toilet paper. when the plaintiff refused Hunter, Benishek and LaBarge ran up into the plaintiffs cell and pushed him down on his bed and bent and twisted his arms, hands and fingers to where it hurt a lot. And LaBarge took all of the plaintiff's bedding matress toilet paper and everything else that was in the cell and the toilet paper off of the camera. Then Benishek and Hunter left the plaintiff off of the bed and Benishek pushed the plaintiff against the wall and

started choking the plaintiff to where Benishek left marks on his kneck. The plaintiff asked to see a nurse and get pictures taken of the marks and was denied this cell extraction was not video taped either. Review Exhibits-F-G.

37. On January 12, 2007. The plaintiff had to sleep on a cement slap for 2-days without any bedding, matress etc and freeze for (2) days and nights Review exhibits F-G.

38. On January 17, 2007 The plaintiff filed a grievance with the defendant Baker about the defendants Hunter, LaBarge and Benishek assaulting the plaintiff on January 12, 2007 The defendant Baker Justified these defendants assault against the plaintiff Review exhibit-F.

39. After January 17, 2008. The plaintiff appealed his grievance of the assault to Hennicks and Greening the plaintiff never received a respond.

40. On December 6, 2007. The plaintiff filed a new grievance with defendant Baker about the assault Hunter, LaBarge and Benishek committed on January 12, 2007 on the plaintiff Review Exhibit-G

41. On January 8, 2008. The plaintiff exhausted his grievance to Hendricks about the assault being committed on him January 12, 2007. Review exhibits - C-G.

42. On January 15, 2008. The plaintiff exhausted his grievance to Greening about the assault that was committed on him on January 12, 2007. Review exhibits - D-G.

43. On March 10, 2008. The plaintiff exhausted his grievance to Ellis about the assault being committed on him on January 12, 2007. Review exhibits - E-G.

44. On April 12, 2007. The plaintiff was in a receiving cell and he covered his camera lens with toilet paper.

45. On April 12, 2007. The defendants Greening, Hendricks, Baker, Weston, Cook, Svoboda, Joe Stegal and Walrath came to the plaintiffs cell. Svoboda came into the plaintiffs cell and told him that they are moving him to a different cell and searching the plaintiff. The plaintiff stated what the fuck ever. Then Svoboda and Cook grabbed the plaintiffs arms and started bending and twisting his hands, fingers

and twist and walked the plaintiff out of the cell away from the camera and slammed the plaintiff against the wall when Svoboda and Cook slammed the plaintiff up against the wall. Joe Stegall grabbed the plaintiffs hair and started slamming the plaintiffs face into the wall, and at the same time Cook and Svoboda were twisting and bending the plaintiffs fingers, hands and wrist. Then Svoboda punched the plaintiff 4 or 5 times in the side of the head with his fist and arm, and caused all kinds of pain to the plaintiff. Then Wuston illegally tazed the plaintiff knocking him to the floor causing all kinds of pain through the plaintiffs body. Then drug him into a different cell again this cell extraction was not video taped Review exhibits-H-I.

46. On May 15, 2007. The Langlade County District Attorney criminally charged the plaintiff with two counts of attempted battery by a prisoner.

47. On May 15, 2007 The only reason the plaintiff was criminally charged is to try covering up the assault that these defendants

did to the plaintiff on April 12, 2007 because the plaintiff told that defendants that he is filing a lawsuit against them.

48. On May 15, 2007. The district Attorney claimed that the plaintiff tried to bite Svoboda on his hand.

49. On September 21, 2007. The plaintiff questioned the defendants Baker, Weston Hoerman and Joe Stegall and each one of them stated that they didn't see the plaintiff bite or try to bite Svoboda.

50. On September 21, 2007. The defendant Svoboda claimed that the plaintiff bite him on the hand, but never had any pictures taken and throw the gloves away that Svoboda claims I bite him on - no evidence.

51. On December 6, 2007. The plaintiff filed two grievances on the defendant Baker about being assaulted and tazed on April 12, 2007. Review exhibits - H-I

52. On January 8, 2008. The plaintiff exhausted his state remedies to Henricks about being assaulted and tazed on April 12, 2007 Review exhibits - C-H-I

53. On January 15, 2008. The plaintiff exhausted his state remedies to Greening about the assault and tazing on April 12, 2007 Review exhibits D-H-I

54. On March 10, 2008. The plaintiff exhausted his state remedies to Ellis about the assault and tazing on April 12, 2007 Review exhibits -E-H-I

## Exhaustion of Legal Remedies

The plaintiff Brian Maus has exhausted all of his county grievance in the Langlade County Jail and outside of it, and appealed all the denials of the grievance.

## Relief Requested

A. Plaintiff Request $500,000.00 from each defendant as compensatory damages.

B. Plaintiff Request $500,000.00 from each defendant as punitive damages.

C. Plaintiff Request that the defendants remove all video camera's out of all receiving cells and the cells in A-D Block.

D. The plaintiff Request that all cell extraction be video taped and saved.

E. The plaintiff Request that the defendants pay all count costs, Attorney fees, Taxes, interest and any other Relief the Judge or Jury finds just and proper.

Jury Trial Demanded

I Certify under the penalty of perjury that the foregoing is true and correct to the best of his knowledge.

Dated
January 3, 2009

Brian Maus
Brian Maus
P.O. Box 19033
Green Bay WI
54307

# LEGAL THEORY

## VIDEOTAPING

Ashann-Ra v. Commonwealth of Virginia 112 F.Supp.2d 559 (2000)

Johnson v. Phelan 1993 U.S. Dist. Lexis 13681

Michenfelder v. Sumner 860 F.2d 328 (1988)

Cumbey v. Meachum 684 F.2d 712 (1982)

Lee v. Downs 641 F.2d 1117

## EXCESSIVE FORCE

Williams. v. Bramer 180 F.3d 699 (1999)

Romaine v. Rawson 140 F.Supp.2d 204 (2001)

Treats v. Morgan 308 F.3d 868 (2002)

Ford v. Douglas County Dept. of Corr. 2006 U.S. Dist. Lexis 88081

## STUNGUNNING INMATES

Hickey v. Reeder 12 F.3d 754 (1993)

Shelton v. Angelone 183 F.Supp.2d 830 (2002)