**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

---

BRIAN A. MAUS,

            Plaintiff,

      -vs-                                  Case No.   09-C-0042

BILL GREENING, BRAD HENDRICKS, DIANE BAKER,
MARK WESTON, RUSSELL COOK, KEITH SVOBODA,
THOMAS HUNTER, JIM BENISHEK, JOE STEGALL,
HIEDA WALRATH, and LU BARGE,

            Defendants.

---

## DECISION AND ORDER

---

Now before the Court are a number of motions filed by the plaintiff.

First, the plaintiff has filed three motions to substitute the judge. In his first motion (Docket No. 36), the plaintiff argues that this Court is biased and prejudiced against the plaintiff. In support of his argument, he references other cases involving the plaintiff that the Court dismissed, including two civil complaints and the plaintiff's petition for a writ of habeas corpus. The plaintiff also cites the Court's denial of his motions to appoint counsel and the court's discovery rulings. Additionally, the plaintiff wants the Court to file a grand jury complaint he prepared.

There are two provisions that deal with the disqualification of a judge. Section 455(a) of Title 28 of the United States Code requires a federal judge to "disqualify himself

in any proceeding in which his impartiality might reasonably be questioned." The plaintiff alleges only actions by the judge that occurred in the court of judicial proceedings, and "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Further, the plaintiff does not suggest the judge relied upon knowledge acquired outside such proceedings or displayed deep-seated and unequivocal antagonism that would render fair judgment impossible. *See id.* at 556. As such, the court will deny plaintiff's request for disqualification under § 455.

A motion to disqualify under § 144 requires a showing of actual bias. *Hoffman v. Caterpillar, Inc.*, 368 F.3d 709, 718 (7th Cir. 2004). A party must present "a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice against him or in favor of any adverse party." 28 U.S.C. § 144. The facts alleged in the plaintiff's motion must be legally sufficient and demonstrate the judge's personal bias or prejudice against a party. *Hoffman*, 368 F.3d at 718; *United States v. Balistreri*, 779 F.2d 1191, 1199 (7th Cir. 1985). "A court may only credit facts that are 'sufficiently definite and particular to convince a reasonable person that bias exists; simple conclusions, opinions, or rumors are insufficient.'" *Hoffman*, 368 F.3d at 718 (quoting *United States v. Sykes*, 7 F.3d 1331, 1339 (7th Cir. 1993)). Here, the plaintiff has presented only simple conclusions, opinions and rumors. The court will deny plaintiff's request under § 144.

The other two motions to substitute judge (Docket Nos. 38 and 58) simply ask the Court to decide the original motion. They will be denied as moot.

2

Second, the plaintiff has filed a motion to change the scheduling order (Docket No. 37). He represents that he was moved out of one of the segregation units to a different unit that does not have a desk in the cell where the plaintiff can put his motions or briefs together. He further states that he has less than four hours a week to use the law library and, during that time, he is strapped and handcuffed to the computer. Nevertheless, the plaintiff was able to timely file his response to the defendants' motion for summary judgment. As such, this motion to change the scheduling order is moot.

Third, the plaintiff filed two motions asking for a court order to file a grand jury complaint (Docket Nos. 39 and 57). The plaintiff contends that the Court is participating in a civil conspiracy with the Clerk of Courts and the Langlade County defendants. He further alleges that the Court is "committing misconduct on the bench and refusing to grant Maus' grand jury complaint to cover up the drug conspiracy pay offs and misconduct that's taking place in Langlade County and state courts that's helping to cover up this misconduct in Langlade County." (Plaintiff's Motion for Court Order, Docket No. 39, p. 1). The plaintiff has submitted no evidence in support of his broad allegations and conclusions of criminal activity. Moreover, this Court cannot, as part of a civil case, initiate a grand jury complaint. These motions will be denied.

Finally, the plaintiff filed a motion to deny defendants' motion for summary judgment (Docket No. 59), but it does not ask for any relief other than the denial of the defendants' motion. Accordingly, the motion will be denied, and the Court will consider the

3

pleading as part of the plaintiff's response to the defendants' motion for summary judgment.

**IT IS THEREFORE ORDERED** that the plaintiff's motion to substitute judge (Docket #36) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to change scheduling order (Docket #37) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the plaintiff's renewed motion for substitution of judge (Docket #38) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for court order (Docket #39) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for court order (Docket #57) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's renewed motion to substitute judge (Docket #58) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to deny defendants' motion for summary judgment (Docket #59) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 18th day of October, 2010.

**SO ORDERED,**

*s/ Rudolph T. Randa*
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**