**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

**BRIAN A. MAUS,**

        Plaintiff,

  -vs-                                                               Case No. 09-C-42

**BILL GREENING, et al.,**

        Defendants.

## DECISION AND ORDER

This matter relates to various incidents that occurred while Brian Maus was an inmate at the Langlade County Jail. Previously, the Court issued an order which partially granted the defendants' motion for summary judgment, but denied the motion with respect to incidents which occurred on January 15, 2007 and April 12, 2007. In both incidents, Maus alleges that various defendants used excessive force in response to him covering the lens of the video camera in his jail cell. In the first incident, Maus alleges that his arms were twisted, he was pinned against the wall, and he was choked. In the second incident, a taser was used to gain Maus's compliance in transferring him to a separate cell. A trial is scheduled to commence on October 29 in Green Bay. Both parties filed motions in limine, which are discussed herein.

**Plaintiff's motions**

**I. Exclude all evidence and testimony regarding Maus's conviction for attempted battery in Langlade County Case No. 07-CF-116**

Maus was convicted of attempted battery of a law enforcement officer for attempting to bite defendant Officer Keith Svoboda in the course of the April 12, 2007 tazing incident. Maus was also convicted of attempting to strike defendant Officer Joe Stegall the morning of the day of the April 12 tazing incident. Maus argues that this evidence should be excluded because it is irrelevant, Fed. R. Evid. 401, 402, it is impermissible character evidence, Rule 404(a)(1), and it is unduly prejudicial, Rule 403. The Court agrees that such evidence is irrelevant, and even if the Court could ascribe it minimal relevance, its probative value is substantially outweighed by the risk of confusion and unfair prejudice. The fact that Maus was actually convicted for attempting to bite Officer Svoboda has nothing to do with the ultimate issue in this case under the Eighth Amendment[1] – whether "force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Fillmore v. Page*, 358 F.3d 496, 503-04 (7th Cir. 2004) (quoting *Hudson v. McMillian*, 503 U.S. 1, 6 (1986)). Of course, nothing is stopping the defendants from introducing evidence that Mr. Maus did in fact try to bite Officer Svoboda.[2] Those are

---

[1] Maus notes that there is some confusion over whether he was incarcerated pursuant to a conviction or whether he was a pretrial detainee. If the latter, the proper lens for this case is the Fourteenth Amendment instead of the Eighth Amendment. Maus states that he may attempt to formally amend the complaint, but for present purposes, the distinction between the two claims is irrelevant. *Lewis v. Downey*, 581 F.3d 467, 475 (7th Cir. 2009) ("anything that would violate the Eighth Amendment would also violate the Fourteenth Amendment").

[2] Aside from the actual fact of conviction, Maus argues that the incident with Officer Stegall early in the morning of April 12 is irrelevant. The Court is inclined to agree, but would revisit the issue in the context of a clearer offer of proof.

substantive facts which bear on the inquiry. But the fact that Maus was later convicted in a criminal proceeding for biting Officer Svoboda is not a "fact of consequence in determining the action." Fed. R. Evid. 401(b); *Ward v. Tinsley*, No. 1:10-CV-329, 2011 WL 6151602, at *2 (N.D. Ind. Dec. 12, 2011) ("Whether or not Ward was later charged with a crime is irrelevant to whether the amount of force [officers] used in arresting him was excessive. Furthermore, significant prejudice or confusion could arise if the jury seeks to retroactively gauge the reasonableness of [the officers'] use of force against the knowledge that criminal charges were later lodged by the prosecuting attorney").

Defendants also argue that Maus should be precluded from challenging the fact that he attempted to bite Officer Svoboda based upon the doctrine of collateral estoppel. *See, e.g., Brown v. City of Chi.*, 599 F.3d 772, 774 (7th Cir. 2010). However, the preclusive effect of a state court conviction in Section 1983 litigation is governed by state law, and the cases cited by the defendants apply Illinois law. *Mayes v. City of Hammond, Ind.*, 442 F. Supp. 2d 587, 638 (N.D. Ind. 2006) (citing *Allen v. McCurry*, 449 U.S. 90, 96 (1980)). In Wisconsin, "a judgment in a criminal action is not proof of anything in a later civil action, except the fact of conviction and the legal consequences flowing therefrom. It cannot be given in evidence to establish the truth of the fact on which it was rendered . . ." *Matter of Safran's Estate*, 306 N.W. 2d 27, 35 (Wis. 1981) (quoting *State ex rel. Shea v. Evenson*, 150 N.W. 984 (Wis. 1915)). As discussed above, the "fact of conviction" is not relevant to the instant case.

-3-

**II. Exclude all evidence and testimony regarding Maus's criminal history including any and all arrests and/or convictions and Maus's current incarceration status**

**III. Exclude all evidence and testimony regarding any other civil lawsuits filed by Maus against law enforcement personnel for violations of Maus's constitutional and/or civil rights**

The defendants do not oppose these motions, which will be granted.

### Defendants' motions

**I. An order barring any testimony, evidence or argument by counsel that video surveillance of the plaintiff in his jail cell was a violation of the plaintiff's privacy rights**

The defendants anticipate that Maus will attempt to argue that the use of video surveillance violates his constitutional right to privacy. Maus is not attempting to secure relief for a right to privacy violation. Nonetheless, evidence and testimony that Maus covered the video camera because he was upset about the invasion of privacy, as opposed to a desire to irritate prison guards or break prison rules, is certainly relevant to the ultimate issue of whether the defendants acted maliciously or in a good faith effort to restore discipline. *Fillmore* at 503-04. This motion is denied.

**II. An order barring any testimony, evidence, or argument by counsel regarding law enforcement "use of force" policies, guidelines, state statutes, training, experience, manuals, protocols or procedures relating to the use of force**

The Seventh Circuit has held that "the violation of police regulations or even a state law is completely immaterial as to the question of whether a violation of the federal constitution has been established." *Thompson v. City of Chi.*, 472 F.3d 444, 454 (7th Cir. 2006). The defendants seek to extend this ruling to the instant case, but *Thompson* was a Fourth Amendment case, not an Eighth Amendment case. In the Eighth Amendment context,

the Seventh Circuit has held that the knowing violation of prison rules – although not dispositive – is relevant evidence. *Mays v. Springborn*, 575 F.3d 643, 650 (7th Cir. 2009) ("although the violation of the prison's rule against public searches was not, by itself, a violation of the constitution, it was relevant evidence on which the jury could have relied to conclude that the searches were done with an intent to harass"). The Court agrees with Maus that it is unlikely that a jury will interpret a violation of a rule or procedure to be a constitutional violation, *per se*, and an appropriate limiting instruction can eliminate the risk of undue prejudice.

**III. An order barring any testimony, evidence, or argument by counsel that lesser-restrictive alternative actions could or should have been undertaken by the defendants during the April 12, 2007 incident**

In the context of an Eighth Amendment excessive force claim, several factors are relevant, including "the need for the application of the force, the amount of force applied, the threat an officer reasonably perceived, *the effort made to temper the severity of the force used*, and the extent of the injury that force caused to the inmate." *Fillmore* at 504 (emphasis added). Accordingly, the defendants' motion is not well-taken. Evidence that the officers could have used less-forceful alternatives in light of the threat presented by Maus is plainly relevant in determining whether the defendants acted maliciously and sadistically.

**IV.   An order barring any testimony, evidence or argument by counsel that the Langlade County Jail was required to employ the methods for the extraction of state prisoners from their cells employed by the Wisconsin State Prison System unless and until there is a prior determination that such methods are mandatory for use by County Jails in Wisconsin**

For the reasons already discussed, evidence that the defendants deviated from the applicable policies and procedures may be relevant to determining whether their actions were "malicious and sadistic." This motion will also be denied.

**V.   Judgment of conviction in Langlade County Case No. 07-CF-116**

For the reasons already discussed, evidence of Maus's conviction is inadmissible.

**VI.   Audio and video recordings of the April 12, 2007 incident**

Maus does not object to the use of this evidence, although he reserves the right to object to the use of any additional audio and video recordings from earlier that day and other days. Subject to this qualification, defendants' motion is granted.

**VII.   Certified transcript of the plaintiff's testimony and argument during Case No. 07-CF-116**

Maus recognizes that if he testifies at trial in a manner inconsistent with his testimony in the prior criminal proceedings, he may be impeached with that testimony. Maus also recognizes that his testimony at that trial is not hearsay, Fed. R. Evid. 801(d)(2), but Maus reserves the right to object to such evidence as irrelevant or prejudicial. Subject to those qualifications, defendants' motion is granted.

**VIII.   Permission for law enforcement officers and jailers to wear full uniforms at trial**

The Court agrees with the defendants that they should be allowed to wear their uniforms because this lawsuit is about actions taken by them as law enforcement officers.

-6-

*Sughayyer v. City of Chi.*, No. 09 C 4350, 2011 WL 2200366, at *4 (N.D. Ill. June 6, 2011) (officers allowed to wear uniforms in courtroom because they were "wearing their uniforms when they allegedly committed the acts that are the subject of the lawsuit and are being sued as police officers"). Defendants concede that they should not wear their duty belts and sidearms. Subject to this qualification, defendants' motion is granted.

\*\*\*

Finally, the plaintiff filed a separate motion to be allowed to appear at trial in ordinary clothes and without constraints. Trial courts have the authority to "maintain courtroom security" and may order that an inmate who is a party or witness be restrained when it is "necessary to maintain the security of the courtroom." *Woods v. Thieret*, 5 F.3d 244, 247 (7th Cir. 1993). The Court recognizes the potential prejudice to Maus because his tendency towards violence is at issue in this case. *Lemons v. Skidmore*, 985 F.2d 354, 357 (7th Cir. 1993) ("The shackles suggest to the jury in a civil case that the plaintiff is a violent person. Since plaintiff's tendency towards violence was at issue in this case, shackles inevitably prejudiced the jury"). Nonetheless, the danger of a breach in courtroom security appears very real in this case given that – according to the defendants – Maus has stated his intentions to kill and physically assault one or more of the defendants once he is out of jail. And of course, Maus's violent tendencies towards these defendants has been proven beyond a reasonable doubt in a collateral criminal proceeding. The Court will order that the appearance of Maus's shackles to the jury be minimized as much as possible, and the Court will also give a curative instruction "advising the jury to disregard the restraints when

-7-

assessing the testimony." *Woods*, 5 F.3d at 249. As for prison clothing, the Court sees very little danger of prejudice if Maus appears in his prison uniform. This case is about what happened to Maus while he was incarcerated, so it would hardly be surprising to the jury that Maus is still in jail. "We reiterate that because the case involved an inmate's lawsuit against prison guards . . . the jury would certainly be made aware of the fact that these witnesses were prisoners no matter what they wore, thus the possibility of prejudice was nonexistent. The potential harm of shackles – that they make the jury think the witnesses are dangerous or violent – is not present when a witness merely wears prison clothing." *Woods* at 249-50 (internal citations omitted).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. Maus's motions in limine [ECF No. 97] are **GRANTED**;

2. Defendants' motions in limine [ECF No. 95] are **GRANTED-IN-PART** and **DENIED-IN-PART**; and

3. Maus's motion to appear in street clothes and without restraints [ECF No. 116] is **DENIED**.

Dated at Milwaukee, Wisconsin, this 15th day of October, 2012.

**BY THE COURT:**

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**