# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BRIAN A. MAUS,

          Plaintiff,

    -vs-                                      Case No.   09-CV-0042

BILL GREENING, et al.,

          Defendants.

# ORDER

On October 30, 2012, following trial, a jury returned a verdict for defendants and against plaintiff. Judgment was entered November 2, 2012. Now before the Court are three motions filed by the plaintiff: (1) a motion for a new trial; (2) a motion to appoint counsel; and (3) a motion for transcripts.

## I. MOTION FOR A NEW TRIAL

In his motion for a new trial, the plaintiff presents several reasons why he believes he is entitled to a new trial. Although the plaintiff does not mention a specific Federal Rule of Civil Procedure, the Court will construe this as a motion for a new trial under Rule 59(a).[1]

---

[1] The Court did not receive the motion for a new trial until December 5, 2012, but the plaintiff's motions and sworn certificate are all dated November 29, 2012. Applying the "mailbox rule," *see Edwards v. United States*, 266 F.3d 756, 758 (7th Cir. 2001), papers filed by a prisoner are deemed filed on the date they are given to prison authorities for mailing.

Rule 59(a)(1)(A) provides that the Court may, on motion, grant a new trial on all or some of the issues "after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." "In ruling on a motion for new trial [made pursuant to Federal Rule of Civil Procedure 59(a)], federal law requires a district court to determine 'whether the verdict is against the weight of the evidence . . . the damages are excessive, or . . . for other reasons, the trial was not fair to the party moving.'" *Kapelanski v. Johnson*, 390 F.3d 525, 530 (7th Cir. 2004) (quoting *EEOC v. Century Broadcasting Corp.*, 957 F.2d 1446, 1460 (7th Cir. 1992) (internal citation omitted)). A district court's decision to grant or deny a new trial is accorded great deference, and a reviewing court should reverse the decision only subject to a finding of "exceptional circumstances showing a clear abuse of discretion." *General Foam Fabricators, Inc. v. Tenneco Chems., Inc.*, 695 F.2d 281, 288 (7th Cir. 1982) (quoting *Stinehower v. Scala*, 331 F.2d 366, 367 (7th Cir. 1964)).

The plaintiff's primary argument is that is entitled to a new trial because this Court abused its discretion when it decided that he had to appear at trial in his prison uniform and restraints. The plaintiff also argues that the defendants should not have been allowed to appear in court in their police uniforms and that his pro bono counsel should have questioned witnesses regarding the defendants' training and policy manual and how they were trained to do cell extractions. Finally, the plaintiff challenges this Court's dismissal at screening of a Fourth Amendment privacy claim regarding the plaintiff being videotaped in his cell at the Langlade County Jail.

2

As an initial matter, this is not the appropriate time to challenge the dismissal of a claim at screening, especially one that was deemed legally frivolous. As the Court indicated in the screening order entered August 19, 2009:

> Maus' claim is foreclosed by *Johnson v. Phelan*, 69 F.3d 144 (7th Cir. 1995), in which the Court of Appeals for the Seventh Circuit considered whether a male pretrial detainee was "entitled to prevent female guards from watching [him] while [he] undressed." The court of appeals rejected the plaintiff's Fourth Amendment privacy claim because prisoners "do not retain any right of seclusion or secrecy against their captors, who are entitled to watch and regulate every detail of daily life." *Id.* at 146 ("[C]onstant vigilance without regard to the state of the prisoners' dress is essential. Vigilance over showers, vigilance over cells - - - vigilance everywhere, which means the guards gaze upon naked inmates.")

(ECF 7, p. 7).

Next, the Court will consider the plaintiff's concerns regarding what the parties wore at trial. In a Decision and Order entered October 15, 2012, the Court denied the plaintiff's motion to be allowed to appear at trial in ordinary clothes and without restraints. In the same order, the Court allowed the defendants to wear their uniforms because the lawsuit related to actions taken by them as law enforcement officers. The Court found: "the danger of a breach in courtroom security appears very real in this case given that – according to the defendants – Maus has stated his intentions to kill and physically assault one or more of the defendants once he is out of jail." (ECF 120, p. 7). The Court also noted that "Maus's violent tendencies towards these defendants has been proven beyond a reasonable doubt in a collateral criminal proceeding." *Id.* Accordingly, the Court exercised its discretion

3

regarding courtroom security in denying the plaintiff's motion. *See Woods v. Thieret*, 5 F.3d 244, 247 (7th Cir. 1993).

In *Woods,* the Seventh Circuit found that prison clothing did not prejudice the prisoner plaintiff. *Id.* at 249-50. The Seventh Circuit reasoned that "because the case involved an inmate's lawsuit against prison guards – the very subject matter of the lawsuit dealt with the prison authorities failing to feed him while he was deadlocked – the jury would certainly be made aware of the fact that these witnesses were prisoners no matter what they wore, thus the possibility of prejudice was nonexistent." *Id.* at 249. As in *Woods*, the jury in this case knew that the plaintiff was a prisoner and that the defendants were correctional officers, regardless of what they wore.

The Seventh Circuit acknowledged in *Woods* the potential harm of the jury viewing a prisoner wearing shackles. However, it also reiterated that trial courts have the authority to maintain courtroom security and that a court may restrain an inmate who is a party or witness when it is "necessary to maintain the security of the courtroom." *Id.* at 247 (quoting *United States v. Amaro*, 816 F.2d 284, 285 (7th Cir. 1987)). The district court must balance the interest in avoiding prejudice to the prisoner with the risk of security and escape. The Seventh Circuit recommends "a hearing outside the presence of the jury to determine the threat an individual prisoner (party or witness) poses to courtroom security as well as his risk of flight." *Wood*, 5 F.3d at 247-48. The district court is entitled to rely on a variety of sources at the hearing. "After considering the relevant information as to the prisoner's proclivity toward disruptive and/or violent conduct, the judge must then determine whether

4

the prisoner (party or witness) poses a risk to courtroom security, risk of disrupting the proceeding or a risk of flight." *Id.* at 248. The district court may order the use of arm and/or leg restraints if the judge concludes the prisoner presents a risk. In this case, the district court considered the defendants' representations regarding the plaintiff's threats against them and the plaintiff's conviction in a collateral criminal case for violent acts towards these defendants. The district court ordered that the appearance of the shackles to the jury be minimized as much as possible and said it would give a curative instruction "advising the jury to disregard the restraints when assessing the testimony." (ECF 120, pp. 7-8 (quoting *Woods*, 5 F.3d at 249). This decision was well within the discretionary authority afforded to trial courts.

Although the Court did not ultimately deliver the promised instruction to the jury, the failure to give the promised instruction was harmless error. Federal Rule of Civil Procedure 61 provides:

> Unless justice requires otherwise, no error in admitting or excluding evidence – or any other error by the court or a party – is ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order. At every state of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights.

The plaintiff's substantial rights were not affected by the failure to give the jury an instruction to disregard the plaintiff's shackles. Although the Seventh Circuit in Woods suggested that a jury instruction and attempts to prevent the jury from viewing a prisoner's restraints are the best way to maintain security without prejudice to the prisoners, courts have

5

generally found inadvertent sightings of shackles by the jury to be insufficient to demonstrate prejudice. *See Harrell v. Israel*, 672 F.2d 632 (7th Cir. 1982). In the framework of Rule 59(a), the Court concludes that the failure to give a jury instruction regarding the plaintiff's restraints or otherwise minimize the jury's viewing of the restraints did not results in a trial that was unfair to the plaintiff. *See Kapelanski*, 390 F.3d at 530. This is particularly true because the plaintiff was represented by pro bono counsel at trial, and the plaintiff's counsel approved the final version of the jury instructions without the limiting instruction regarding the plaintiff's restraints. *See* Fed. R. Civ. P. 51(c). Morever, the jury's verdict is supported by the evidence in the record.

With regard to the plaintiff's claims about the inadequacy of his pro bono counsel, the Court notes first that "[c]ivil litigants generally have no right to free legal aid in civil lawsuits." *Synergy Assocs., Inc. v. Sun Biotechnologies, Inc.*, 350 F.3d 681, 683-84 (7th Cir. 2003) (citing *Fid. Nat'l title Ins. Co of N.Y. v. Intercounty Nat'l Title Ins. Co.*, 310 F.3d 537, 540 (7th Cir. 2002)). Case law regarding ineffective assistance of counsel in criminal cases does not apply to this case because the Sixth Amendment does not guaranty the right to counsel for *pro se* plaintiffs in civil cases. Additionally, the decisions the plaintiff disagrees with were discretionary (and possibly strategic) decisions by trial counsel.

Review of the district court's denial of a motion for a new trial is for abuse of discretion. *Christmas v. City of Chicago*, 682 F.3d 632, 639 (7th Cir. 2012). The district court's decision will be dismissed "only if the verdict is against the weight of the evidence, the damages are excessive, or if for other reasons the trial was not fair to the moving party."

6

*Id.* (quoting *Emmel v. Coca-Cola Bottling Co.*, 95 F.3d 627, 636 (7th Cir. 1996)). It is the third possibility that is at issue in this case. However, in the context of the entire trial, wearing shackles in front of the jury and relying on his pro bono counsel's decisions regarding evidence did not undermine the plaintiff's right to a fair trial. As the Seventh Circuit has long held, "litigants are entitled to a fair trial, not a perfect one." *United States v. Ashman*, 979 F.2d 469, 491 (7th Cir. 1992). The plaintiff's motion for a new trial will be denied.

## II. MOTION FOR TRANSCRIPTS

In his motion for transcripts, the plaintiff seeks a copy of the transcripts of the trial on October 29 and October 30, 2012. He also wants transcripts of "all other hearings before these dates." (Plaintiff's Motion for Transcripts). Although the plaintiff does not reference a rule or statute in his motion, 28 U.S.C. § 753(f) provides: "Fees for transcripts furnished in [civil] proceedings to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)."

The plaintiff has not asked for permission to appeal *in forma pauperis* and, as such, this motion is premature and will be denied. If the plaintiff files a notice of appeal and motion to proceed *in forma pauperis*, then another motion regarding the trial transcripts may be appropriate. Such motion should include specific information regarding any other hearings for which the plaintiff wants the transcript. The Court will not search the record to determine which hearings may be relevant.

7

### III. MOTION TO APPOINT COUNSEL

The plaintiff has asked the Court to recruit new *pro bono* counsel for him because his trial counsel have withdrawn. The plaintiff has already filed these motions *pro se*. If the plaintiff files a notice of appeal, any further proceedings will relate to an appeal to the United States Circuit Court for the Seventh Circuit. The decision whether to recruit *pro bono* counsel on appeal is made by the Seventh Circuit.

### IV. ORDER

**IT IS THEREFORE ORDERED** that the plaintiff's motion for a new trial (Docket #131) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel (Docket #132) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for transcripts (Docket #133) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 28th day of May, 2013.

**SO ORDERED,**

_____
**HON. RUDOLPH T. RANDA**
**U. S. District Judge**