# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BRIAN A. MAUS,

                Plaintiff,

       -vs-                              Case No.   09-CV-0042

BILL GREENING, et al.,

                Defendants.

# ORDER

On October 30, 2012, following trial, a jury returned a verdict for defendants and against plaintiff. Judgment was entered November 2, 2012. On May 28, 2013, this Court denied the plaintiff's motions for a new trial, counsel, and transcripts. The plaintiff has now filed a motion for leave to appeal *in forma pauperis* and a second motion for transcripts. In his motion for transcripts, the plaintiff acknowledges that he cannot be granted leave to appeal *in forma pauperis* because he has three or more strikes under the Prison Litigation Reform Act. However, he indicates that he filed the motion for leave to appeal *in forma pauperis* because he cannot afford to pay for trial transcripts and 28 U.S.C. § 753(f) provides that fees for transcripts in civil proceedings may be paid by the United States for persons permitted to appeal *in forma pauperis*.

Under the Prison Litigation Reform Act of 1996 (PLRA), Pub. L. 104-134,

Title VIII, 110 Stat. 1332, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). When determining whether a prison has acquired three "strikes" under § 1915(g), courts must consider prisoner actions dismissed on any of the three enumerated grounds both before and after the enactment of the PLRA. *Evans v. Ill. Dep't of Corrs.*, 150 F.3d 810, 811 (7th Cir. 1998).

The plaintiff has accumulated the following strikes: (1) *Maus v. Kolpack, et al.*, Case No. 99-C-236 (E.D. Wis.), complaint dismissed as frivolous on September 7, 1993; (2) *Maus v. Steger, et al.*, Case No. 95-C-1089 (E.D. Wis.), complaint dismissed as frivolous on January 11, 1996; and (3) *Maus v. Bertrand, et al.*, Case No. 00-C-647 (E.D. Wis.), complaint dismissed as lacking any arguable basis in law on July 21, 2000. The plaintiff does not allege that he is under imminent danger of serious physical injury. Because the plaintiff has previously filed at least three actions which were dismissed as frivolous, malicious, or for failure to state a claim, his motion for leave to appeal *in forma pauperis* will be denied.

However, the plaintiff incurred the filing fee by filing his notice of appeal. *Newlin v. Helman*, 123 F.3d 429, 433-34 (7th Cir. 1997), rev'd on other grounds by, *Walker*

2

*v. O'Brien*, 216 F.3d 626 (7th Cir. 2000) and *Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000). The fact that this court is denying the request to proceed *in forma pauperis* on appeal means that the full filing fee of $455.00 is due within 14 days of this order. *Id.*; 7th Cir. R. 3(b). Failure to pay in full within the time limits will result in a dismissal. *Newlin*, 123 F.3d at 434.

Next, 28 U.S.C. § 753(f) provides: "Fees for transcripts furnished in [civil] proceedings to persons permitted to appeal *in forma pauperis* shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." The plaintiff is not permitted to appeal *in forma pauperis* and, therefore, his motion for transcripts will be denied.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to appeal *in forma pauperis* (Docket #141) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for transcripts (Docket #139) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff shall forward to the clerk of this court the sum of $455.00 as the full filing fee in this appeal within 14 days of the date of this order. The plaintiff's failure to comply with this order will result in dismissal of this appeal. The payment shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that copies of this order be sent to the warden

3

of the institution where the plaintiff is confined, to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin 53707-7857, and to PLRA Attorney, United States Court of Appeals for the Seventh Circuit, 219 S. Dearborn Street, Rm. 2722, Chicago, Illinois 60604.

Dated at Milwaukee, Wisconsin, this 1st day of July, 2013.

SO ORDERED,

**HON. RUDOLPH T. RANDA**
**U. S. District Judge**